**UNIVERSE ANTIQUES, INC., Plaintiff,**

v.

**William VAREIKA and William Vareika Fine Arts, Inc., Defendants/Third–Party Plaintiffs,**

v.

**Jack Shaoul, Third–Party Defendant.**

**No. 10 Civ. 3629.**

United States District Court, S.D. New York.

Oct. 20, 2011.

Robert Leslie Greener, Robert L. Greener, Law Office, New York, NY, for Plaintiff/Third-Party Defendant.

Joseph E. Czerniawski, Ganfer & Shore, LLP, New York, NY, James D. McGinley, Edwards Angell Palmer & Dodge LLP, Boston, MA, for Defendants/Third-Party Plaintiffs.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

The Court has received three motions *in limine* pertaining to the trial in this matter scheduled to begin October 24, 2011. The first motion *in limine* was brought by defendants/third-party plaintiffs William Vareika ("Vareika") and William Vareika Fine Arts, Inc. ("WVFA" and together with Vareika, "Vareika Parties"). The Vareika Parties request that the Court exclude a stained glass window from being introduced at trial pursuant to Federal Rule of Evidence ("FRE") 901 or alternatively pursuant to FRE 401/402 and 403. For the reasons listed below, that motion is **GRANTED**. The second and third motions *in limine* will be addressed in a separate Decision and Order.

## I. *DISCUSSION*

Plaintiff Universe Antiques, Inc. ("Universe") and third-party defendant Jack Shaoul ("Shaoul" and together with Universe, "Universe Parties") intend to introduce at trial a stained glass window ("Exhibit"), which is a copy of the stained glass window sold by Universe to WVFA as an 1896 Tiffany Studios window ("Window"). The Exhibit measures approximately 8' × 8' and weighs approximately 500 pounds. The Vareika Parties submit that the Exhibit is irrelevant to the issues to be tried and that the physical presence of the Exhibit in the courtroom will create a risk of confusing witnesses that the Exhibit is the Window at issue in this case. The Universe Parties counter that the Exhibit is relevant to establish that more than one copy of the original Tiffany window exists, which tends to disprove the Vareika Parties' contention that Shaoul knew that the Window was a particular copy previously sold at Sotheby's. Additionally, the Universe Parties assert that there is no risk of confusing the trier of fact.

Federal Rule of Evidence 402 provides that relevant evidence is generally admissible, and FRE 403 provides that evidence that is relevant may nonetheless be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury,' or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Court finds that the Exhibit has little probative value as to the issue of Shaoul's knowledge regarding the provenance of the Window. Moreover, the Court finds that any probative value the Exhibit may have is substantially outweighed by practical considerations of of waste of judicial resources that will necessarily accompany the admission of a 500–pound glass object into the courthouse. Moreover, for the purpose the Universe Parties seek to introduce the Exhibit there may be other alternatives, such as photographs, that would not create the same practical difficulties. Accordingly, the Vareika Parties' motion to exclude the Exhibit is **GRANTED**.

## II. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion *in limine* (Docket No. 63) of defendants/third-party plaintiffs William Vareika and William Vareika Fine Arts, Inc. is **GRANTED.**

**SO ORDERED.**